UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AGUSTIN ACOSTA,

        Plaintiff,

CASE NO.:

vs.

AMERI-SCAPES LANDSCAPE MANAGEMENT INC., A GEORGIA CORPORATION,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AGUSTIN ACOSTA, by and through the undersigned attorney, sues the Defendant, AMERI-SCAPES LANDSCAPE MANAGEMENT INC., a Georgia Corporation, and alleges:

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2.  Plaintiff was a misclassified salary paid employee who worked as a laborer and foreman for Defendant.

3.  Plaintiff worked for Defendant from approximately November 2012 until October 15, 2014.

4.  Plaintiff worked for Defendant in Gwinnett County, Georgia, among other locations.

5.  Defendant, AMERI-SCAPES LANDSCAPE MANAGEMENT INC., is a Georgia Corporation that operates and conducts business in Gwinnett County, Georgia and is therefore within the jurisdiction of this Court.

6.  This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8.  During Plaintiff's employment with Defendant, Defendant

earned more than $500,000.00 per year in gross sales.

9. Defendant employed over 100 persons and ran several crews at one time performing lawn maintenance duties.

10. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were lawn equipment, including mowers, edgers, trimmers, bags, gasoline, vehicles, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

12. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

13. At all times relevant to this action, Defendant failed to comply with the FLSA by misclassifying Plaintiff as exempt and by failing to pay him overtime compensation for overtime hours worked.

14. Initially, Plaintiff was just a laborer, but later became a foreman while still performing non-exempt activities as described below.

15. Even though Plaintiff's paystubs seem to describe him as being paid by the hour, his pay did not differ when he worked additional overtime hours.

16. As such, Plaintiff was paid a salary for his work performed without any overtime pay received by him for overtime hours worked.

17. During his employment with Defendant, Plaintiff routinely worked overtime hours without being paid overtime compensation.

18. When Plaintiff was a foreman, he was still a non-exempt employee as he did not meet the duties test to be exempt.

19. Plaintiff had no discretion to hire or fire employees on his own, he would be instructed by his bosses when and if to terminate an employee.

20. As a foreman, Plaintiff performed all the same physical labor as a regular laborer and his primary duty was performing the lawn care duties.

21. As a result, Defendant has violated the FLSA by failing to pay Plaintiff proper overtime compensation for overtime hours worked.

22. Upon information and belief, the records, to the extent any

exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22 above.

24. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During his employment with Defendant, Plaintiff was misclassified and was effectively only paid a salary, while receiving no overtime compensation for the overtime hours worked by him.

26. Defendant did not have a good faith basis for its decision to not pay Plaintiff proper overtime compensation.

27. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation for overtime hours worked, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

29.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, AGUSTIN ACOSTA, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 25th day of February, 2015.

/s/ **C. RYAN MORGAN**
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile:  (407) 245-3401
Email:      RMorgan@forthepeople.com
*Attorneys for Plaintiff*