## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASES

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between Agustin Acosta, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Acosta") and Ameri-Scapes Landscape Management, Inc. and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Acosta and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Acosta.

WHEREAS, Acosta was employed by Ameri-Scapes Landscape Management, Inc.; and

WHEREAS, Acosta has alleged unlawful employment practices in violation of federal law against The Released Parties by filing a lawsuit entitled *Agustin Acosta v. Ameri-Scapes Landscape Management, Inc. in the United States District Court, Northern District of Georgia, Atlanta Division, Case No.: 1:15-CV-00558-AT* allegations which the Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.  The Released Parties agree to pay to Acosta the total amount of Two Thousand and 00/100 Dollars ($2,000.00), plus separate attorneys' fees and costs, allocated as follows:

      A.     A check in the amount of $1,000.00 made payable to Agustin Acosta representing unpaid overtime. This amount shall be treated as wages with the applicable taxes and legal deductions made;

      B.     A check in the amount of $1,000.00 made payable to Agustin Acosta, representing liquidated damages. No deductions shall be made from this check and a Form 1099 shall be issued; and

      C.     A check in the amount of $2,750.00 made payable to his attorneys, Morgan & Morgan, P.A. for attorneys fees and costs.

The settlement payments described above will be due in Plaintiff's counsel's office (c/o Ryan Morgan, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) by Monday, July 6, 2015.

      2.     Upon receipt of the above mentioned funds, Acosta agrees to voluntarily dismiss his claims with prejudice in the above-referenced lawsuit.

      3.     Acosta agrees that this is a disputed claim and represents that upon receipt of the above mentioned funds, he will have been paid in full for all wages and hours worked while employed with Ameri-Scapes Landscape Management, Inc.

      4.     By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

      5.     Acosta agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, the Released Parties. Acosta further agrees that the Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, the Released Parties shall not have any obligation to process that application or to hire him and that the failure to process the

application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Acosta, The Released Parties will give a neutral reference indicating only Acosta's dates of employment, pay rate and position.

6. Confidentiality. Except where compelled by law, the parties agree not to disclose or publicize the terms or existence of this Agreement to anyone other than their spouse(s), attorney(s) and tax advisor(s) or accountant(s), all of whom shall be notified of this limitation and agree to be bound by the terms of these agreements prior to discussion of these matters. If asked about this matter by anyone else, Acosta agrees only to state that he has elected not to pursue the matter further.

7. Non-Disparagement. No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

8. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, each party hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASES AND FOREVER DISCHARGES all other parties from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which they have, ever had, or may in the future claim to have against each other based on any act or omission concerning any matter, cause, or thing before the dates of this

Agreement and up to the time of the execution of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Family and Medical Leave Act, Age Discrimination in Employment Act, Older Workers Benefit Protection Act, Consolidated Omnibus Budget Reconciliation Act, Fair Labor Standards Act, 42 U.S.C. §§ 1981-1986, or under any other federal, state or local statute, ordinance, regulation, custom, rule or policy, or any cause of action in contract or tort, including any intentional torts (all of the foregoing are hereinafter referred to collectively as the "Released Claims").

9. Each party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

10. Acosta represents and warrants that he is authorized to enter into and that he has the authority to perform the terms of this Agreement. Acosta represents and warrants that he has not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

11. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

12. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

13. This Agreement is binding on each of the parties and their respective heirs, successors and assigns.

14. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

15. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, without regard to its choice of laws or conflict of laws principles.

16. Except as expressly provided herein, the parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

17. The parties acknowledge that each party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any party based upon a claim that the party drafted the ambiguous language.

18. The parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

19. Acosta acknowledges that he has been advised to consult an attorney prior to signing this agreement. Acosta understands that whether or not he consults with an attorney is

his decision. In this respect, Acosta has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided him excellent legal advice and has explained to him all of his options in connection with this Agreement.

20. This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date: 7/22/15

X Agustin Acosta
Agustin Acosta

Ameri-Scapes Landscape Management, Inc.

Date:_____

_____
Sign
Print Name: _____
Representative of Ameri-Scapes Landscape Management, Inc.

his decision. In this respect, Acosta has consulted with and been advised by C. Ryan Morgan, Esquire in this matter and is satisfied that Mr. Morgan has provided him excellent legal advice and has explained to him all of his options in connection with this Agreement.

20. This Agreement, consisting of six (6) pages, is freely and voluntarily entered into by the parties. The parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement. This Agreement may be executed in counter-parts and electronic and facsimile copies shall be treated as originals.

Date:_____

_____
Agustin Acosta

Date: 7/9/15

Ameri-Scapes Landscape Management, Inc.
_____
Sign:
Print Name: Paul Shlosman
Representative of Ameri-Scapes Landscape Management, Inc.